**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHARLES PETTIFORD, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | Civil Action |
| v. | : | |
| | : | No. 23-4360 |
| STATE FARM INSURANCE COMPANIES, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM</u>**

**J. Younge**                                                                                    **February 6, 2024**

## I.      INTRODUCTION

Currently before this Court is Defendant State Farm Insurance Companies' Motion to Dismiss.  (ECF No. 5.)[1]  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, this Motion is Granted with leave to amend.

## II.     FACTUAL BACKGROUND

At a point prior to June 3, 2022, Plaintiffs Charles and Marie Pettiford's garage roof collapsed.  (Complaint ¶¶ 6 & 11, ECF No. 1-5.)  Their insurance company, Defendant State Farm Insurance Companies (hereinafter "State Farm"), approved a claim to repair the damage and allegedly referred Plaintiffs to Defendant John Doe, a person or entity that then allegedly recommended that the Plaintiffs use contractor Quantum Restoration Services (hereinafter "QRS") to do the repairs.  (Complaint ¶¶ 7-9.)  Based upon this recommendation, Plaintiffs

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

allege they entered a residential construction contract with QRS to repair the garage on June 3, 2022.  (Complaint ¶¶ 10-11; Residential Construction Contract, ECF No. 1-5, pp. 24-34.)  This contract stated that work would begin on July 18, 2022, and end by August 26, 2022, but Plaintiffs allege that QRS did not finish the project in a timely manner, having still been on site in January 2023, and performed defective work that it did not correct.  (Residential Construction Contract, ECF No. 1-5, p. 26; Complaint ¶¶ 15-22, ECF No. 1-5.)  On March 6, 2023, Ken Group LLC, working on behalf of Plaintiffs, calculated the proposed cost of completing the garage at $73,525.00, including re-leveling the garage floor and reconstructing its walls.  (Complaint ¶¶ 23-25.)  State Farm has not extended coverage for this additional proposed work, and Plaintiffs have refused to make final payment to QRS for completion of the project which led QRS to file a mechanic lien action against the premises on March 9, 2023.  (Complaint ¶¶ 26-27; Mechanics Lien, ECF No. 1-5, pp. 39-41.)  State Farm additionally has declined to defend or indemnify Plaintiffs in the defense of this action.  (Complaint ¶¶ 27-28, ECF No. 1-5.)

Plaintiffs filed their Complaint against Defendants for breach of contract and bad faith in state court on August 18, 2023.  *See* Complaint, ECF No. 1-5.  There, Plaintiffs argue that the Defendants knew or should have known that QRS did not have the ability to complete the project they were recommended for in a timely and workmanlike manner, had an obligation to ensure that its recommended contractor was suitable for the project, and had an obligation to indemnify Plaintiffs for "losses attributable to their damaged garage" and QRS' "deficient and incomplete work."  (Complaint ¶¶ 31-36.)  This case was removed to federal court on November 8, 2023 pursuant to 28 U.S.C. § 1332.  *See* Notice of Removal, ECF No. 1.  On November 15, 2023, Defendants filed their Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Motion to Dismiss, ECF No. 5.

### III.    LEGAL STANDARD

The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for] relief that is plausible on its face.'"  *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Iqbal*, 556 U.S. at 678).  Thus, this Court must examine Plaintiff's claims to determine whether it can infer that Defendant is liable for the alleged misconduct.

### IV.    DISCUSSION

Plaintiffs have failed to plead sufficient facts in support of their breach of contract and bad faith allegations against Defendants.  Plaintiffs are suing not based on the original damage sustained to their garage but for the defective performance of, and failure to indemnify against, a contractor that Plaintiffs allege was recommended by Defendant.  Defendants, in their Motion to Dismiss, argue that the alleged damages and indemnification request are not covered by the parties' insurance policy and that, consequently, they cannot make out claims for breach of contract or bad faith.  *See* ECF No. 5.  While Defendants also argue that their claims are time-barred by the insurance policy, which provides that "[a]ny action by any party must be started

within one year after the date of loss or damage" (Insurance Policy, ECF No. 5-3, p. 37), Plaintiffs have sufficiently pled that the damage at issue in this suit is the untimely and defective work provided by Defendants' recommended contractor between July 2022 and January 2023, which is within the allowable time period.  However, Plaintiffs have not set forth a plausible claim of either breach of contract or bad faith, notably because they have failed to plead facts: (1) establishing the relationship between State Farm and John Doe; (2) showing how or why Plaintiffs were required or obligated to accept the contractor recommended by John Doe; and (3) why State Farm's recommendation of John Doe and the corresponding recommendation of QRS required State Farm to, in effect, warrant the performance of QRS such that State Farm was obligated to defend Plaintiffs against QRS.

The root of Plaintiffs' claims is not the faulty workmanship itself but Defendants' alleged obligation and failure to ensure that QRS was able to competently complete the project it was recommended for.  Under Pennsylvania law, a breach of contract cause of action requires "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[c] and (3) resultant damages."  *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999).  Losses aggravated by inadequate workmanship and repair are unambiguously excluded in the relevant contract.  *See* Insurance Policy, ECF No. 5-3, p. 33; *Jones v. Allstate Property and Casualty Ins. Co.*, 552 F. Supp. 3d 498, 503 (E.D. Pa. 2021)) (finding a faulty workmanship exclusion, related to "the faulty or defective execution of making or doing something," unambiguous).  Plaintiffs attempt to sidestep this exclusion by alleging that Defendants' improper recommendation of QRS directly and proximately aggravated those losses because they should have known QRS could not properly complete the repairs.  There is no contractual provision that Plaintiffs point to that requires either that Defendants recommend a

suitable contractor or, if such a contractor is recommended, that it meets certain standards.  The argument that Defendants' actions deprived Plaintiffs of their full rights under the policy by subjecting them to a more costly and lengthy repair process in breach of their contract is based on too attenuated a fact pattern – that State Farm referred Plaintiffs to John Doe and John Doe then recommended QRS does not, absent more, create a contractual obligation that State Farm investigate QRS' suitability for the project.  As such, the Court finds that Plaintiffs have not pled facts sufficient to bring a cause of action for breach of contract.

The allegation that Defendants' refusal to indemnify Plaintiffs against QRS' mechanics lien action was made in bad faith is similarly deficient.  Bad faith conduct under Pennsylvania law can be shown where the defendant "did not have a reasonable basis for denying benefits under the policy and that the defendant knew or recklessly disregarded its lack of reasonable basis for denying the claim." *Terletsky v. Prudential Property and Casualty Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).  Conduct "import[ing] a dishonest purpose and mean[ing] a breach of a known duty . . . through some motive of self-interest or ill will" may be considered bad faith, though "mere negligence or bad judgment is not." *Id.*  Where an insurer acts in bad faith towards an insured, the court may award interest on the amount of the claim, award punitive damages, and assess attorneys' fees against the insurer.  42 Pa. C.S. § 8371.

Here, the allegation that Defendants breached a known duty and acted in bad faith by refusing to indemnify Plaintiffs in QRS' mechanics lien action is not plausibly established.  The insurance policy provides that State Farm will indemnify Plaintiffs for suits brought "for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence," which is defined as an "accident." *See* Insurance Policy, ECF No. 5-3, pp. 19 & 38-39.  Defendants argue that they have no duty to indemnify Plaintiffs for their own refusal to

pay QRS because refusal to pay for faulty workmanship is not an accident and is not otherwise a part of its indemnification obligations.  *See* Motion to Dismiss, ECF No. 5; *Specialty Surfaces Intern., Inc. v. Continental Cas. Co.*, 609 F.3d 223, 238-39 (3d Cir. 2010) (finding that "occurrences" must be unanticipated, and a foreseeable result of faulty workmanship is not unanticipated).

Absent a showing that Defendants ultimately bear some fault for QRS' alleged poor performance, Plaintiffs are left with an allegation of faulty workmanship, which is not included in Defendants' indemnification obligations.  As with Plaintiffs' breach of contract claim, the mere fact that State Farm referred Plaintiffs to John Doe who then recommended QRS is not enough to show that Defendants were unreasonable in refusing Plaintiffs' claim for indemnification based on John Doe having made that ultimate recommendation, however poorly QRS performed.  As such, the Court finds that the facts as presented by Plaintiffs do not meet Plaintiffs' burden in making out a plausible bad faith cause of action.  Plaintiffs shall be granted leave to file an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to potentially cure these deficiencies.

## V.       CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is Granted with leave to amend.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**

6